United States District Court
Southern District of Texas
**ENTERED**
July 18, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:06-CR-616 |
| | § | |
| SANTOS DE LOS SANTOS | § | |

# ORDER

Pending before the Court is Defendant Santos De Los Santos' letter motion seeking credit on his sentence. D.E. 47. Defendant complains the Bureau of Prisons (BOP) refuses to give him credit towards his sentence for the roughly six months he spent in federal custody following his arrest for alien smuggling on October 17, 2012, until his supervised release was revoked and he was sentenced in the above-captioned case on April 11, 2013.[1]

The BOP is responsible for calculating sentencing credit, and the proper vehicle for raising such a challenge is a petition pursuant to 28 U.S.C. § 2241. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks . . . the prison authorities' determination of its duration.") (citations omitted); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1998) (claims for sentence credit to federal sentences are properly brought pursuant to § 2241); *United States v. Gabor*, 905 F.2d 76, 77–78 n.2 (5th Cir. 1990). A defendant is required to exhaust available administrative

---

[1]. Following his arrest, Defendant pled guilty to alien smuggling in Criminal No. 2:12-918-1 and was sentenced to 34 months' imprisonment on April 11, 2013. That same day, he was sentenced to 21 months for violating the terms of supervised release in Criminal No. 2:06-cr-616, to run consecutively to 2:12-CR-918-1.

remedies through the BOP before litigating the computation of his sentence in federal court. *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 503 28 C.F.R. §§ 542.10–542.16 and collecting cases). There is nothing in the record indicating that Defendant has presented his complaints regarding his sentence to the BOP, nor does he claim that he has done so.

Moreover, a challenge to the BOP's calculation of sentencing credit pursuant to 28 U.S.C. § 2241 must be filed in the district where the defendant is incarcerated. *See Pack*, 218 F.3d at 451. The return address on Defendant's motion reflects that he is incarcerated in Springfield, Missouri, which is located in the Western District of Missouri. Thus, assuming Movant remains incarcerated in Springfield, he should file any § 2241 petition in that court after first exhausting his administrative remedies.

For the foregoing reasons, Defendant's letter motion seeking credit on his sentence (D.E. 47) is **DENIED WITHOUT PREJUDICE.** Although Defendant's motion is denied, today's order does not adjudicate the merits of his § 2241 complaints.

ORDERED this 18th day of July, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE